IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 7:15-cv-00036-O |
| v. | ) |
| | ) |
| 0.11 ACRES OF LAND, MORE OR LESS, SITUATE IN YOUNG COUNTY TEXAS, WESTERN STAR MASONIC LODGE, #1450, et al., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Before the Court is Plaintiff's motion to determine title. (ECF No. 34). This matter was referred to the undersigned for hearing, if necessary, and determination or recommendation to the District Court. (ECF No. 36). The United States, acting as amicus curiae, has recommended that the Court find the title owner of the property, as of the date of taking, was the Western Star Masonic Lodge # 1450. Having heard and considered the motion, the Court makes the following findings of fact:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. This is an eminent domain case brought pursuant to 40 U. S. C. §§ 3113 and 3114 to acquire 0.11 acres of unoccupied and unimproved land in Graham, Texas.

3. As evidenced by the Stewart Title Insurance Policy, Exhibit 2 to the Motion to Determine Title (ECF No. 34-3), the property is owned by Western Star Masonic Lodge # 1450.

4. The Western Star Masonic Lodge # 1450 purchased the property in 1945, as evidenced by the deed attached to Exhibit 2.

5. Western Star Masonic Lodge # 1450 no longer exists.

6. No deed transferring the subject property to another owner has been filed in Young County, Texas, Clerk's Office.

7. The United States filed this action to acquire the subject property, depositing $5,000 as estimated just compensation.

8. The United States served the adjoining landowner, the Mount Zion Baptist Church, in this action.

9. The United States, pursuant to Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure ("FRCP"), served by publication any remaining potential unknown owners.

10. Service is complete.

11. On May 24, 2016, this Court held a hearing on title attended by two parishioners of Mount Zion Baptist Church.

12. This Court ordered that, if the Church wished to establish title, it enter an appearance and respond to the United States' motion.

13. Mount Zion filed a petition to establish title to real property by limitations on June 10, 2016. (ECF No. 38). The petition adopted the pleadings and exhibits of the United States. Mount Zion stated that Mr. D.V. Hood, now deceased "gave" the property to the Church, but that no Warranty Deed was ever recorded.

14. Mount Zion further alleged that it had been in adverse possession of the property for over sixty years, but has not presented any admissible evidence to the Court to establish such facts.

Based upon the foregoing findings of fact, the Court concludes:

1. The owner of the taken property, on the date of taking, was the Western Star Masonic Lodge # 1450.

2. Mount Zion Baptist Church does not qualify for title under the 10-year statute, because it failed to present evidence demonstrating that such possession was adverse. It does not qualify for title under the 25-year statute because no deed has been produced.

3. Title to the subject property transferred to the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation, as provided by 40 U.S.C. § 3114(b).

4. The full just compensation payable by Plaintiff, United States of America, for the taking of the property identified in the Complaint and Declaration of Taking (ECF Nos. 1 and 3) filed herein shall be the sum of $5,000 inclusive of interest, that amount previously having been deposited by the United States as estimated just compensation.

Recommendation

Based upon the foregoing findings of fact and conclusions of law, I recommend to the District Court that a Final Judgment be entered against Plaintiff in the previously deposited sum of $5,000 (said sum being full and just compensation) in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto. By said judgment the Court should order the Clerk of the Court to retain the deposited funds for five years following entry of judgment and provide that Western Star may submit its claim to the Court, and upon full proof of the right thereto, obtain an order directing payment of the funds. Further, pursuant to 28 U.S.C. § 2042, said judgment should direct the Clerk to thereafter deposit those funds into the

Treasury in the name and to the credit of the United States and provide that thereafter any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment.

It is **SO ORDERED** on this 22nd day of June, 2016.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

**Standard Instruction to Litigants**

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).